**David Rovi SIMBOLON, Petitioner,**

v.

**Michael B. MUKASEY, Attorney General, Respondent.**

**No. 04–76103.**

United States Court of Appeals, Ninth Circuit.

Submitted July 22, 2008.*

Filed Aug. 6, 2008.

Kaaren L. Barr, Seattle, WA, for Petitioner.

Jeffrey R. Meyer, DOJ–U.S. Department of Justice Civil Div./Office of Immigration Lit., Mark C. Walters, U.S. Department of Justice, Washington, DC, Ronald E. Lefevre, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, WWS–District Counsel, Immigration and Naturalization Service, Office of the District Counsel, Seattle, WA, for Respondent.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before: B. FLETCHER, THOMAS, and WARDLAW, Circuit Judges.

MEMORANDUM **

David Rovi Simbolon, a native and citizen of Indonesia, petitions for review of the Board of Immigration Appeals' ("BIA") order affirming an immigration judge's decision denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We have jurisdiction pursuant to 8 U.S.C. § 1252, we review for substantial evidence, *Singh v. Ashcroft,* 367 F.3d 1139, 1143 (9th Cir.2004), and we deny the petition for review.

Substantial record evidence supports the BIA's conclusion that the mistreatment Simbolon suffered while riding the bus home from school in 1999 and his knowledge that rocks were once thrown at his church did not rise to the level of past persecution. *See Prasad v. INS,* 47 F.3d 336, 339–40 (9th Cir.1995) (holding that physical assault, brief detention, and attempted burglary did not rise to the level of persecution). Substantial record evidence also supports the BIA's conclusion that Simbolon did not establish a well-founded fear of future persecution. *See Lolong v. Gonzales,* 484 F.3d 1173, 1181 (9th Cir.2007) (en banc) (showing of individualized risk requires more than a general undifferentiated claim of the type of fears common to the religious group).

Because Simbolon did not establish eligibility for asylum, it follows that he did not

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

satisfy the more stringent standard for withholding of removal. *See Zehatye v. Gonzales,* 453 F.3d 1182, 1190 (9th Cir. 2006). Moreover, substantial evidence supports the BIA's conclusion that Simbolon did not establish it is more likely than not that he will be tortured if returned to Indonesia, and we uphold the denial of relief under the CAT. *See Malhi v. INS,* 336 F.3d 989, 993 (9th Cir.2003).

**PETITION FOR REVIEW DENIED.**

---

* This disposition is not appropriate for publication and is not precedent except as provided

by 9th Cir. R. 36–3.